UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JAMES GOODMAN,

                        Petitioner,

      -against-

WARDEN,

                        Respondent.
------------------------------------------------------------- x

MEMORANDUM & ORDER

17-cv-3485 (ENV)

VITALIANO, D.J.

    On June 8, 2017, *pro se* petitioner James Goodman commenced this action seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *See* ECF Dkt. No. 1. Subsequently, on July 31, 2017, he filed a letter-motion requesting that the Court stay this action and hold his petition in abeyance pending resolution of a still-pending motion for a writ of error *coram nobis* that he filed, on March 8, 2017, in the Appellate Division, Second Department. *See* ECF Dkt. No. 7. For the following reasons, Goodman's motion for stay and abeyance is denied and his petition is dismissed without prejudice.

### Discussion

    It seems clear that certain claims in Goodman's habeas petition have not yet been exhausted in state court—specifically, those concerning the purported ineffective assistance of his appellate counsel, which, he explains, he has presented to the Second Department by way of motion for a writ of error *coram nobis*. *See* ECF Dkt. No. 1 at 16-17; *see also* ECF Dkt. No. 7. Where, as here, a district court is confronted with a petition containing an amalgamation of exhausted and unexhausted claims—a so-called "mixed petition"—the court has four options: "(1) dismiss the petition in its entirety without prejudice; (2) deny the entire petition on the merits; (3) allow the petitioner to delete the unexhausted claims and proceed with his exhausted

1



claims; or (4) in limited circumstances, stay the petition to allow petitioner to exhaust his unexhausted claims." *Francois v. Warden of Sullivan Corr. Facility*, No. 12-cv-5333, 2014 WL 1153920, at *4 (E.D.N.Y. Mar. 19, 2014) ("*Francois I*"). Because Goodman has requested stay and abeyance, the Court will evaluate that option first.

It is well settled that a motion for stay and abeyance of habeas proceedings is addressed to the sound discretion of the district court. *See Rhines v. Weber*, 544 U.S. 269, 276, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440 (2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936) & *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 1650-51, 137 L. Ed. 2d 945 (1997)). Even when viewed through the prism of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), that legal sea change did not deprive district courts of their discretion to stay habeas proceedings, although it did circumscribe it. *See id.* Under AEDPA, "stay and abeyance" is appropriate only if (1) the unexhausted claims are not "plainly meritless" and (2) "there [is] good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Additionally, stay and abeyance will not be granted if there is any indication that the "petitioner engaged in intentionally dilatory litigation tactics." *Allen v. New York*, No. 13-cv-0991, 2016 WL 5928817, at *4 (W.D.N.Y. Oct. 12, 2016).

As for the merits of Goodman's unexhausted claims of ineffective assistance of appellate counsel, the Court cannot conclude, at this juncture, that they are "plainly meritless," such that it would be inappropriate to stay this action pending their exhaustion. *Rhines*, 544 U.S. at 277; *see Devaughn v. Graham*, No. 14-cv-2322, 2014 WL 1653277, at *1 (E.D.N.Y. Apr. 24, 2014) (granting stay and abeyance where the court could not conclude "[o]n the face of the petition . . . that Petitioner's [unexhausted claim of] ineffective assistance of appellate counsel is without merit"); *Schouenborg v. Superintendent, Auburn Corr. Facility*, No. 08-cv-2865, 2013 WL

2

5502832, at *8-9 (E.D.N.Y. Sept. 30, 2013) (granting stay and abeyance so that petitioner could exhaust his "potentially meritorious" unexhausted claim "that appellate counsel was ineffective because he did not raise the potential ineffectiveness of trial counsel"); *see generally Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015) ("a petitioner may establish constitutionally inadequate performance [of appellate counsel] if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker" (alteration in original) (quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994))). At the same time, though, because Goodman's bare-bones letter-motion does not describe, in any way, the requisite "good cause" for his failure to exhaust these claims earlier, his motion for stay and abeyance cannot be granted. It should be noted, moreover, that there does not appear to be any obvious need for a stay, since Goodman has a *coram nobis* application currently pending before the Second Department, which, as discussed in more detail below, has the effect of tolling the statute of limitations for his filing of a federal habeas petition compliant with AEDPA's one-year limitations period to the extent, at least, that his motion is compliant. *See Francois I*, at *4.

With stay-and-abeyance forced off the table by the insufficiency of the instant application, only three viable alternate courses of action remain. *See id.* at *4. The first—outright, final dismissal—would be premature and inappropriate under these circumstances, since, as previewed earlier, it cannot be said, at this stage, that Goodman's unexhausted claims are plainly meritless. *See id.* As a result, only two options remain: to dismiss the petition in its entirety without prejudice, or to allow Goodman to delete the unexhausted claims and to proceed with those that have been exhausted. *See id.* In this litigation posture, a court "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."

3

*Rhines*, 544 U.S. at 278. Whether the opportunity to seek vindication of federal constitutional rights in a federal habeas proceeding would be unreasonably impaired is principally informed by whether AEDPA's limitations period already has expired or will do so shortly. *See Francois I*, at *4.

With respect to a § 2254 petition, the one-year limitations clock begins to run "from the latest of" four specific times. *See* 28 U.S.C. § 2244(d)(1). Here, the relevant milestone is "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The controlling AEDPA provision contains two branches, each of which covers a different petitioner class. *See Gonzalez v. Thaler*, 565 U.S. 134, 150, 132 S. Ct. 641, 653, 181 L. Ed. 2d 619 (2012). For those "who pursue direct review all the way to [the United States Supreme] Court, the judgment becomes final . . . when [that] Court affirms a conviction on the merits or denies a petition for certiorari." *Id.* "For all other petitioners, the judgment becomes final at the 'expiration of time for seeking [direct] review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Id.* Thus, where, as here, the petitioner has timely sought direct review before the state's highest court but not before the United States Supreme Court, his "conviction [became] final when 'the time for filing a certiorari petition expire[d].'" *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S. Ct. 681, 685, 172 L. Ed. 2d 475 (2009) (quoting *Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed. 2d 88 (2003)). Barring any extensions granted by the Supreme Court, certiorari petitions are due 90 days after the final decision of the state's highest court or, as relevant here, the entry of an order denying discretionary review before New York's Court of Appeals. *See* Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state

4

court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); *see also* N.Y. Crim. Proc. Law § 460.20 (a certificate of leave to appeal to the Court of Appeals can be obtained from either a judge of the Court of Appeals or a justice of the Appellate Division in the department that heard the appeal).

When compliance with a limitations period is in the cross hairs, naturally, a precise recounting of the filing history is essential. In this case, a comprehensive recounting indicates that, on February 5, 2016, Goodman's application for leave to appeal to the New York State Court of Appeals was denied by the Second Department. *See People v. Goodman*, No. 2011-02343, 2016 N.Y. Slip Op. 63542(U), 2016 WL 462220 (N.Y. App. Div., 2d Dep't Feb. 5, 2016). Since Goodman did not thereafter file a petition for certiorari to the Supreme Court, his conviction became final, for purposes of AEDPA, on the 90th day following that last state court decision—which was May 5, 2016. *See McKinney v. Artuz,* 326 F.3d 87, 96 (2d Cir. 2003) (habeas petitioner's conviction became final 90 days after entry of order denying his application for leave to appeal to the Court of Appeals, where he did not file a petition for a writ of certiorari in United States Supreme Court); *Rhodes v. Sheahan*, No. 9:13-cv-57, 2016 WL 890081, at *1 & n.2 (N.D.N.Y. Jan. 12, 2016) (where no certiorari petition had been filed, habeas petitioner's conviction became final 90 days after Appellate Division denied his leave application), *report and recommendation adopted*, 2016 WL 894095 (N.D.N.Y. Mar. 8, 2016); *see also Davis v. Racette*, 99 F. Supp. 3d 379, 384 (E.D.N.Y. 2015). For computation purposes, then, Goodman's limitations clock started to tick on May 5, 2016 and, absent tolling, would have expired on May 5, 2017.

The record is silent as to the the date on which Goodman delivered his *coram nobis* motion to prison authorities to be mailed to the Second Department for filing, an event which, by

virtue of the "prison mailbox rule," would have triggered the tolling provision of § 2244(d)(2). *See Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) ("There . . . is no dispute that [petitioner's] state *coram nobis* petition, if pending within that one-year grace period, would trigger Section 2244(d)(2)'s tolling allowance."); *Fernandez v. Artuz*, 402 F.3d 111, 114 (2d Cir. 2005) (*coram nobis* motion "properly filed" on date that it was placed in prison mailbox, rather than when it was received by court); *see also Blair v. Heath*, No. 12-cv-1001, 2013 WL 5988934, at *2 (S.D.N.Y. Nov. 8, 2013). What the record does reveal, though, is that Goodman cannot have mailed his *coram nobis* motion any later than March 8, 2017, since, on that day, it was received by the Appellate Division. *See* ECF Dkt. No. 7 at 2. Accordingly, the one-year limitations period was tolled no later than March 8, 2017—which is 307 days after it had begun to run, meaning that at least 58 days remained on the clock, at that point. Moreover, since Goodman's *coram nobis* motion is still pending before the Second Department, *see id.* at 1, his one-year clock has, at the very least, 58 days left to tick, *see Francois I*, at *4.

Furthermore, in the event that the Second Department denies Goodman's *coram nobis* motion, his one-year clock will remain tolled with no fewer than 58 days remaining on it, until either: (a) if Goodman seeks leave to appeal any such denial of his *coram nobis* motion to the Court of Appeals, upon final resolution of his motion; or (b) if Goodman does not seek leave to appeal, upon expiration of the period within which he could have sought such leave. *See Francois v. Warden of Sullivan Corr. Facility*, No. 12-cv-5333, 2016 WL 4435215, at *4 (E.D.N.Y. Aug. 19, 2016) ("*Francois II*"); *see also id.* ("[W]hile the AEDPA statute of limitations is tolled during the pendency of a *coram nobis* petition, it continues to run once the petition is 'finally disposed of and further appellate review is unavailable under the particular state's procedures.'" (quoting *Walker v. Graham*, 955 F. Supp. 2d 92, 101 (E.D.N.Y. 2013))).

6

Notably, if, as Goodman indicates in his letter-motion seeking stay and abeyance, he intends to fully exhaust the claims described in his *coram nobis* motion, then, if that motion is denied by the Appellate Division, he must timely seek leave to appeal to the Court of Appeals. *See id.* ("In order to exhaust on-the-record claims through a *coram nobis* adjudication, a petitioner must also seek leave to appeal to the Court of Appeals." (citation omitted)); *Hawkins v. Lape*, No. 08-cv-2669, 2009 WL 890549, at *4 (E.D.N.Y. Mar. 30, 2009) (failure to seek leave to appeal from the Appellate Division's denial of a *coram nobis* motion leaves the claims therein unexhausted).

On this calendar, then, if the Court were to dismiss Goodman's federal habeas petition without prejudice to re-filing, he would still have no fewer than 58 days following the final resolution of his *coram nobis* motion to re-file his petition in federal court. Under these circumstances, the Court finds that dismissal of the entire petition without prejudice would not unduly burden his right to seek federal habeas relief. *See Francois I*, at *4 (where federal habeas petitioner had *coram nobis* motion pending in state court, "dismissal of the entire petition would not unreasonably impair [his] right to obtain federal relief at a later date" (citing 28 U.S.C. § 2244(d)(2))). Accordingly, in the exercise of sound discretion, Goodman's petition shall be dismissed without prejudice to filing, at the appropriate time, a new petition asserting fully exhausted claims. *See Rhines*, 544 U.S. at 278; *Francois I*, at *4. It will be solely Goodman's burden to keep watch on his one-year clock, and to return to federal court in a timely fashion after resolution of his state *coram nobis* petition, which will, presumably, exhaust all of his remaining claims.

## Conclusion

In line with the foregoing, petitioner's motion for stay and abeyance is denied and his petition is dismissed in its entirety without prejudice.

Since petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to the *pro se* petitioner forthwith, to enter judgment accordingly, and to close this case.

So Ordered.

Dated: Brooklyn, New York
September 15, 2017

/S/ USDJ ERIC N. VITALIANO
————————————————
ERIC N. VITALIANO
United States District Judge